UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SUNGJIN INC CO., LTD.**, <br><br> Plaintiff(s), <br><br> v. <br><br> **ITOCHU INTERNATIONAL INC.**; **ITOCHU LOGISTICS (USA) CORP.**; **KENNETH HOROWITZ** d/b/a BAG STUDIO, LLC; and **LE SPORTSAC, INC.**, <br><br> Defendant(s). | Case No. 1:19-cv-09496-GBD-GWG <br><br> **SECOND AMENDED COMPLAINT** <br><br> Jury Trial Demanded <br><br> ECF Case |

Plaintiff, **SUNGJIN INC CO., LTD.**, by way of second amended complaint against defendants, **ITOCHU INTERNATIONAL INC.**; **ITOCHU LOGISTICS (USA) CORP.**; **KENNETH HOROWITZ** and **LE SPORTSAC, INC.**, pursuant to Fed. R. Civ. P. 15(a)(2) and the Court's (Hon. Gabriel W. Gorenstein, U.S.M.J.) ECF 43 order filed March 18, 2020, alleges upon information and belief:

## OVERVIEW OF THE CASE

This collection action seeks more than US$1 Million in money damages for "Le Sportsac" handbags and related accessories manufactured, sold and delivered to and for the defendants over the past 18 months.

Defendants include the original owner and founder of all "Le Sportsac" products and related trademark(s), **LE SPORTSAC, INC.**, which was purchased

- 1 -

by or through foreign entities, ITOCHU CORPORATION; ITOCHU LOGISTICS (HK) LTD.; and ITOCHU TEXTILE PROMINENT (ASIA) LIMITED, or a combination thereof, for management within the United States by their domestic affiliates, **ITOCHU INTERNATIONAL INC.** and **ITOCHU LOGISTICS (USA) CORP.** (together, the 3 defendants are called "**Itochu Defendants**"): The Itochu Defendants and their local affiliate or licensee, KENNETH HOROWITZ d/b/a BAG STUDIO, LLC had commissioned SUNGJIN INC CO., LTD., including its manufacturing subsidiary, SUNGJIN INC VINA CO. LTD., to manufacture and ship "Le Sportsac" products around the world.

Defendants' orders total more than US$1 Million in plaintiff's unpaid invoices: Whether or not defendants have sold and profited from the resale of their "Le Sportsac" products ordered, plaintiff has not been paid in full yet filled each and every order for such products in reliance on their purchase orders.

## JURISDICTION AND VENUE

1.  This Court enjoys subject matter jurisdiction under 28 U.S.C. §1332(a) because the matter in controversy exceeds the sum or value of $75,000 and is between citizens of a State and citizens of a foreign state.

2.  Plaintiff is a foreign entity with no direct or indirect presence in the United States: SUNGJIN INC CO., LTD. is a South Korea corporation based in South Korea.

3. Defendant, KENNETH HOROWITZ d/b/a BAG STUDIO, LLC is an adult individual, New York citizen and New York resident who did business as BAG STUDIO, LLC at all relevant times.

4. Defendant, LE SPORTSAC, INC., is a Delaware corporation located in Nevada.

5. Defendant, ITOCHU INTERNATIONAL INC. is a New York corporation located in New York.

6. Defendant, ITOCHU LOGISTICS (USA) CORP. is a New York corporation located in New York.

7. This Court enjoys personal jurisdiction because defendant, KENNETH HOROWITZ has had, for many years, continuous contact with the State of New York: KENNETH HOROWITZ has not only resided and owned a home in the State of New York at all times, but also owned and operated within New York County a New York company known as BAG STUDIO, LLC, among other apparel and accessory companies.

8. Through defendant, KENNETH HOROWITZ d/b/a BAG STUDIO, LLC, along with their New York-registered and/or New York-located affiliates and subsidiaries, such as the Itochu Defendants and Itochu Prominent USA LLC, among others, the Itochu Defendants regularly transact business within the City, County and State of New York and otherwise maintain a principal place of

business in the State of New York.

9. Venue is proper under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in this judicial district. Specifically, any and all purchase orders for "Le Sportsac" product originated in the City, County and State of New York.

## PARTIES

10. At all relevant times, plaintiff, SUNGJIN INC CO., LTD. was and remains a business entity registered with South Korea and its principal place of business is located at 23-20 Janghan-ro 36-gil, Dongdaemun-gu, Seoul, South Korea. Through its foreign subsidiaries, including SUNGJIN INC VINA CO. LTD. of Vietnam, SUNGJIN INC CO., LTD. manufactures and distributes around the world apparel and accessories, among other things.

11. Defendant, KENNETH HOROWITZ is an adult individual with an address for service of process located at 158 Foxwood Drive, Jericho, New York. At all relevant times, KENNETH HOROWITZ did business as BAG STUDIO, LLC, a New York company with a principal place of business located 10 West 33rd Street, Suite 528, New York, New York and together with KENNETH HOROWITZ, served as the Itochu Defendants' distributor/partner in the United States for their entire "Le Sportsac" product line.

12. At all relevant times, defendant, ITOCHU INTERNATIONAL INC. was and remains a New York corporation with a registered address for service of process of c/o United States Corporation Company, 80 State Street, Albany, New York, and a principal place of business located at 1251 Avenue of the Americas, 51st Floor, New York, New York 10020.

13. At all relevant times, defendant, ITOCHU LOGISTICS (USA) CORP. was and remains a New York corporation with a registered address for service of process of c/o C T Corporation System, 28 Liberty Street, New York, New York, and offices at 155 East 44th Street, Suite 1020, New York, New York 10017, and 1140 East Sandhill Avenue, Carson, California 90746.

14. At all relevant times, defendant, LE SPORTSAC, INC. is a Delaware corporation with a principal place of business located at 701 South Carson Street, Suite 200, Carson City, Nevada. "Le Sportsac" is a handbag, luggage and travel accessories company.

## FACTUAL ALLEGATIONS

15. In or around summer 2018, the defendants began vetting manufacturers and suppliers for the "Le Sportsac" product line in the United States. Due to their concerns about product image and reputation and inventory control throughout various regions in the United States, the Itochu Defendants insisted on not only approving the manufacturing/supply partner to work with their

local agent, KENNETH HOROWITZ d/b/a BAG STUDIO, LLC, but also processing each and every purchase order for "Le Sportsac" products.

16.     On September 19, 2018, Mr. Wilson Chan (as agent of KENNETH HOROWITZ d/b/a BAG STUDIO, LLC), Mr. Naito Tomoaki ("Sportsac" Sales Director) and Mr. Takashi Takadera (of or on behalf of the Itochu Defendants titled "Lesportsac Global Production and Development Manager") visited plaintiff's manufacturing facilities in Vietnam.  In emails sent September 20, 2018, Mr. Tomoaki commended plaintiff's production capabilities and Mr. Takadera later provided plaintiff with "samples" and "technical specifications."

17.     By mid-September 2018, the Itochu Defendants ordered and received sample "Le Sportsac" products manufactured by plaintiff in accordance with Mr. Takadera's "Le Sportsac" specifications.  Satisfied with plaintiff's work product, the Itochu Defendants -- on behalf of their corporate parent in Japan, ITOCHU CORPORATION -- commenced formal "customer registration" procedures for plaintiff and presented a necessary form on October 26, 2018, and requested plaintiff's corporate information.  The form identifies Mr. Naito Tomoaki as plaintiff's contact for all "Le Sportsac" purposes.

18.     The form dated October 26, 2018, does not identify KENNETH HOROWITZ or BAG STUDIO, LLC.  The form identifies no one other than plaintiff and "Itochu" (i.e., Itochu Defendants): Plaintiff is identified as the latter's

"customer."

19. Once it was formally registered with the Itochu Defendants, plaintiff began receiving and processing purchase orders from the Itochu Defendants and KENNETH HOROWITZ d/b/a BAG STUDIO, LLC.  In reliance on the purchase orders, plaintiff manufactured and shipped "Le Sportsac" products to North America, Guam, and China.

20. Throughout the parties' entire history (ending summer 2019), plaintiff was in regular contact with KENNETH HOROWITZ (and his colleagues at BAG STUDIO, LLC (Mr. Wilson Chan and Ms. Hillary Norden), on the one hand, and Ms. Imagawa Setsuko; Ms. Lily Leung; Mr. Naito Tomoaki; Mr. Takashi Takadera, on the other: The latter individuals are employees and representatives of the Itochu Defendants, along with their corporate affiliates, parent and subsidiaries, such as ITOCHU CORPORATION, ITOCHU LOGISTICS (HK) LTD., and ITOCHU TEXTILE PROMINENT (ASIA) LIMITED.

21. . All defendants knew plaintiff was processing their "Le Sportsac" purchase orders: More importantly, all defendants knew and certainly had reason to know that plaintiff expected to get paid for all goods sold and delivered.

22. At all times relevant to this action and before plaintiff began processing, manufacturing and filling "Le Sportsac" purchase orders, defendants neither informed plaintiff whether and to what extent which defendant was liable

for the following purchase order(s) or plaintiff's invoice(s), nor produced any documentation purporting to distinguish or separate liability for same.

23. On or about November 2, 2018, defendants transmitted Purchase Order "2324." In reliance on the purchase order, plaintiff manufactured and shipped "Le Sportsac" products, as requested.

24. On or about November 2, 2018, defendants transmitted Purchase Order "2326." In reliance on the purchase order, plaintiff manufactured and shipped "Le Sportsac" products, as requested.

25. On or about December 8, 2018, defendants transmitted Purchase Order "2390." In reliance on the purchase order, plaintiff manufactured and shipped "Le Sportsac" products, as requested.

26. On or about December 8, 2018, defendants transmitted Purchase Order "2391." In reliance on the purchase order, plaintiff manufactured and shipped "Le Sportsac" products, as requested.

27. On or about December 8, 2018, defendants transmitted Purchase Order "2392." In reliance on the purchase order, plaintiff manufactured and shipped "Le Sportsac" products, as requested.

28. On or about December 28, 2018, plaintiff issued Commercial Invoice No. and Debit Note No. V18LT403-2 totaling US$370,208.90, in reliance on the foregoing purchase order(s).

29. On or about January 4, 2019, plaintiff issued defendants Commercial Invoice and Debit Note No. V18LT403-6 totaling US$783.40, in reliance on the foregoing purchase order(s).

30. On or about January 7, 2019, plaintiff issued defendants Commercial Invoice No. and Debit Note No. V18LT403-3 totaling US$116,305.24, in reliance on the foregoing purchase order(s).

31. On or about January 23, 2019, plaintiff invoiced US$612.92, by Debit Note No. LT0001-SP, in reliance on the foregoing purchase order(s).

32. On or about January 26, 2019, plaintiff invoiced US$1,482.56, by Debit Note No. LT0002-SP-SP, in reliance on the foregoing purchase order(s).

33. On or about January 26, 2019, plaintiff invoiced US$1,845.52, by Debit Note No. LT0003-SP-SU, in reliance on the foregoing purchase order(s).

34. On or about January 30, 2019, plaintiff issued defendants Commercial Invoice and Debit No. V18LT403-7 totaling US$115,713.22, in reliance on the foregoing purchase order(s).

35. On or about April 3, 2019, plaintiff issued defendants Commercial Invoice and Debit Note No. V18LT565-3 totaling US$191,833.44, in reliance on the foregoing purchase order(s).

36. On or about April 20, 2019, plaintiff issued defendants Commercial Invoice and Debit Note No. V18LT565-6 totaling US$274,666.61, in reliance on

the foregoing purchase order(s).

37. To date, plaintiff received no payment for the foregoing purchase orders. Due to the mounting arrears, plaintiff had manufactured goods in reliance on defendants' latest purchase order, but not yet released/shipped same pending payment: At the parties' agreed invoice prices, this purchase order totals US$177,435.44 in value.

38. To date, all foregoing invoices remain unpaid. By email sent May 29, 2019, Mr. Naito Tomoaki disavowed any liability and deferred all billing matters to the Itochu Defendants' "licensees," BAG STUDIO, LLC and KENNETH HOROWITZ. But this is contrary to the parties' prior dealings: Previously, the Itochu Defendants in fact had paid Invoice No. V18LT565-1 in the amount of US$17,800.01, and Invoice No. V18LT565-4 in the amount of US$16,002.00 for "Le Sportsac" goods ordered by defendant, KENNETH HOROWITZ d/b/a BAG STUDIO, LLC. Further, the Itochu Defendants never had indicated to plaintiff whether and to what extent they would <u>not</u> be liable for "Le Sportsac" orders.

39. Under the circumstances, plaintiff reasonably believed the Itochu Defendants would satisfy any and all balances arising from the "Le Sportsac" orders, whether commissioned by the Itochu Defendants or KENNETH HOROWITZ d/b/a BAG STUDIO, LLC.

40. At any rate, all defendants have failed, or refuse to remit payment for

plaintiff's "Le Sportsac" goods manufactured and delivered.  Despite the growing indebtedness, defendants continued ordering such goods from plaintiff, resold same and pocketed/shared the proceeds.

41.     To the extent they deny any contractual relationship with plaintiff; deny placing any of the foregoing purchase order(s); or deny liability for the foregoing purchase order(s) or invoice(s), the Itochu Defendants received, or were paid in cash or in kind, royalties and other portions of the sales proceeds for each and every "Le Sportsac" manufactured, distributed and shipped by plaintiff in reliance on each and every foregoing purchase order.

## FIRST CAUSE OF ACTION:
### Breach of Contract

42.     Plaintiff repeats and realleges all foregoing allegations as though they are fully set forth at length herein.

43.     Defendants, jointly and severally, have breached their agreement to pay for goods and services ordered and delivered.

44.     In particular, the Itochu Defendants required plaintiff to undergo "customer registration" procedures for the purpose of getting approved and recognized as a "customer" to whom payments can and will be made for services rendered, including the manufacture of "Le Sportsac" goods.  This is the sole purpose of the Itochu Defendants' form dated October 26, 2018: Plaintiff

reasonably interpreted same to mean that the Itochu Defendants would pay plaintiff for its goods and services delivered and also relied on same in filling each and every "Le Sportsac" purchase order transmitted by or on behalf of the defendants, jointly and severally.

45. Plaintiffs, jointly and severally, have suffered damages in an amount in excess of US$1 Million.

46. Plaintiffs' damages are a direct, proximate and inevitable result of defendants' breach of their agreement.

## SECOND CAUSE OF ACTION:
### Unjust Enrichment

47. Plaintiff repeats and realleges all foregoing allegations as though they are fully set forth at length herein.

48. To the extent plaintiff's goods and services were performed/rendered absent any verbal or written agreement, including purchase order(s) not signed by any defendant, plaintiff expected remuneration from defendants, jointly and severally, at the time they transmitted purchase orders for "Le Sportsac" products.

49. Plaintiff's substantial goods and services rendered conferred upon defendants a benefit in the amounts reflected in the foregoing unpaid invoices.

50. To the extent they refuse to pay plaintiff its unpaid invoices, defendants each have and remain unjustly enriched at the expense and to the

detriment of plaintiff.

51. At all relevant times, defendants each knew and certainly had reason to know that plaintiff would rely, and in fact did rely on each and every purchase order for "Le Sportsac" goods.

52. In particular, the Itochu Defendants knew and had reason to know that plaintiff had completed their "customer registration" procedures for the sole purpose of serving as their authorized vendor and manufacturer of "Le Sportsac" product. Among other things, the customer registration form dated October 26, 2018, assures plaintiff that the Itochu Defendants recognize plaintiff as an approved customer to whom payment will be made for services rendered.

53. The reasonable value of the goods and services rendered by plaintiffs is in excess of $1 Million.

## THIRD CAUSE OF ACTION:
### Promissory Estoppel

54. Plaintiff repeats and realleges all foregoing allegations as though they are fully set forth at length herein.

55. At all relevant times, defendants, jointly and severally, made a clear and unambiguous promise to pay plaintiff for any and all "Le Sportsac" goods and services delivered, as ordered: Defendants' purchase orders and receipt of plaintiffs' global deliveries, among other things, evidence such promise on the part

of each defendant.  The Itochu Defendants' payments for defendants' several prior "Le Sportsac" orders also evidence such promise.

56.  At all relevant times, plaintiff relied on each and every promise: Plaintiff in fact manufactured and delivered the "Le Sportsac" product requested and ordered by defendants and incurred costs and expenses in doing so.  At all times, plaintiff's reliance on defendants' promises was reasonable and foreseeable insofar as defendants continued sending purchase orders, payments were made for some prior orders, and plaintiff had no reason ever to believe that it would not be paid.

57.  In hindsight, plaintiff relied on defendants' promise to its detriment because plaintiff was never paid in full.  Accordingly, plaintiff suffered damages in excess of US$1 Million as a direct result of such reliance.

## FOURTH CAUSE OF ACTION:
### Account Stated

58.  Plaintiff repeats and realleges all foregoing allegations as though they are fully set forth at length herein.

59.  At all relevant times, plaintiff presented defendants, and defendants, jointly and severally, received an account originally in the amount of US$1,250,887.25.

60. At all relevant times, defendants, jointly and severally, accepted the account stated as correct.

61. At all relevant times, defendants, jointly and severally, promised to pay plaintiff the amount stated.

62. At all relevant times, defendants, jointly and severally, kept the account stated without objecting to it within a reasonable time.  No payment has been received to date.

63. Defendants, being jointly and severally indebted to plaintiff in excess of US$1 Million upon an account stated between them, did promise to pay plaintiff said sum upon demand.  Payment has been demanded and has not been made.

### FIFTH CAUSE OF ACTION:
### Book Account

64. Plaintiff repeats and realleges all foregoing allegations as though they are fully set forth at length herein.

65. There is due from defendants, jointly and severally, the sum of US$1,250,887.25 on a certain book account.  Payment has been demanded and has not been made.

### SIXTH CAUSE OF ACTION:
### Conversion

66. Plaintiff repeats and realleges all foregoing allegations as though they are fully set forth at length herein.

67. At all relevant times, plaintiff had and still has possessory interests and rights in any and all "Le Sportsac" product manufactured and delivered to or for defendants.

68. Such product is identifiable to the extent defendants transmitted purchase orders for specific quantities, specific models, *etc*. Plaintiff relied on the purchase orders and manufactured and delivered such product to or for defendants, in good faith: Such product belonged to plaintiff for all intents and purposes pending payment therefor by defendants.

69. At all relevant times, defendants, jointly and severally, had and still have an affirmative obligation to return all such "Le Sportsac" product to the extent they fail or refuse to pay for same.

70. In spite of its obligation to return such product due to nonpayment, defendants jointly and exercised dominion over same and handled the "Le Sportsac" product as though the goods rightfully belonged to them, in derogation of plaintiff's rights.

71. Defendants are jointly and liable in conversion.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests the Court to enter judgment against all defendants, jointly and severally, as follows: As to all counts, damages in an amount no less than US$1 Million, plus attorney's fees, litigation expenses, costs and punitive damages.

Dated:  New York, New York
        April 6, 2020

Yours truly, etc.,

 /s/ Peter Y. Lee
By:_____
    PETER Y. LEE, ESQ.

733 3rd Avenue
16th Floor
New York, New York 10017
(212) 808-0716 Telephone
(212) 808-0719 Facsimile
Peter.Lee@Leeadvocates.com

JISANG KIM, ESQ.
Jikim LLC
725 River Road
Suite 109
Edgewater, New Jersey 07020
(201) 777-0643
legal@jikimlaw.com

*Attorneys for Plaintiff,*
*SUNGJIN INC CO., LTD.*