

Squire Patton Boggs (US) LLP
1211 Avenue of the Americas, 26th Floor
New York, New York  10036

O  +1 212 872 9800
F  +1 212 872 9815
squirepattonboggs.com

Victor Genecin
T  +1 212 872 9889
victor.genecin@squirepb.com

March 5, 2021

**VIA ECF**

Hon. Gabriel W. Gorenstein
United States Magistrate Judge
500 Pearl Street
New York, NY  10007

      RE:    *Sungjin Inc Co., Ltd. v. Itochu International Inc.;*
                *Kenneth Horowitz d/b/a Bag Studio, LLC; and Le Sportsac, Inc.*,
                Case No.: 1:19-cv-09496-GBD-GWG
                **Motion to Compel Production of Purchase Orders and Related Documents**

Dear Judge Gorenstein:

      My firm represents defendants Itochu International, Inc. ("III") and Le Sportsac, Inc. ("LSI").  I write to request that the Court compel plaintiff Sungjin Inc Co., Ltd. ("Plaintiff" or "Sungjin") to produce the documents on which it bases its claims in this action for goods sold and delivered – in particular, the six purchase orders that plaintiff describes with specificity in ¶¶23-27 & ¶37 of the Second Amended Complaint (ECF 45) (the "SAC") – together with its correspondence concerning those documents.

      I regret the need to burden the Court with this motion.  Indeed, this is the first time that I have ever needed to move to compel a plaintiff to produce documents that are specifically described in a complaint, but after extensive correspondence and repeated telephone discussions with plaintiff's counsel, Peter Y. Lee, Esq., I have no alternative.

      On January 26, 2021, I wrote to Mr. Lee detailing the deficiencies in plaintiff's responses to the Requests for Production (the "RFPs") propounded by LSI and III.  Thereafter, plaintiff did not produce additional documents.  Mr. Lee and I had a telephonic "meet-and-confer" session on February 19, 2021 lasting three (3) hours concerning the documents plaintiff had not yet produced.  In that session, Mr. Lee promised that, by February 26, 2021, he would produce documents supporting plaintiff's claims, including purchase orders, shipping documents and related correspondence, and documents supporting the damages claimed by plaintiff.  On February 26, however, plaintiff made a small production that mostly re-produced documents from prior productions and did not include any of the purchase orders or correspondence

45 Offices in 20 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

concerning them. It is clear that, absent an Order of this Court, plaintiff will not produce the documents at issue.

## BACKGROUND

This case concerns products that plaintiff alleges it shipped to defendant "Kenneth Horowitz d/b/a Bag Studio, LLC." That defendant was declared in default on May 14, 2020 (ECF 58). Plaintiff claims that III and LSI are somehow liable to plaintiff for the price of the goods. Plaintiff produced the invoices it claims are unpaid, all addressed to Bag Studio, LLC, on December 11, 2020. This was the first time III and LSI ever saw these invoices, which plaintiff had never before sent to them despite its claim in this Court that III and LSI are responsible for paying them. Tellingly, the documents produced by Plaintiff to date do not reflect III's or LSI's involvement in or awareness of any of the purchase orders and invoices that are the subject matter of this lawsuit.

## THE DOCUMENTS AT ISSUE IN THIS MOTION

LSI's and III's Requests for Production ("RFPs") 18-22, served on November 6, 2021, require plaintiff to produce each of the purchase orders described in SAC ¶¶ 23-27, all invoices issued by plaintiff for goods ordered on each purchase order, and all of plaintiff's communications and internal documents concerning:

a. each purchase order;
b. the shipment of products pursuant to each purchase order, including, but not limited to, all packing lists, waybills, bills of lading, customs declarations and all other shipping documents;
c. identification of the person responsible for payment for the goods listed on each purchase order; and,
d. each invoice plaintiff issued for goods listed on each purchase order.

Plaintiff has not produced *any* documents responsive to RFPs 18-22 subparts a and c. Nor has it produced any of the customs declarations for the shipments at issue.

III's and LSI's RFP 32 seeks production of the purchase order described in SAC ¶37, together with all of plaintiff's communications and internal documents concerning that purchase order, all documents identifying the person responsible for payment for the goods listed on that purchase order; each invoice plaintiff issued for goods listed on that purchase order or all documents showing the value of the goods plaintiff produced pursuant to that purchase order; and all documents concerning plaintiff's efforts to obtain payment for the goods plaintiff produced pursuant to that purchase order.

Plaintiff has not produced the purchase order, nor any communications concerning it, documents identifying the person responsible for payment, or documents concerning plaintiff's efforts to secure payment.

Plaintiff alleges that six (6) purchase orders caused it to manufacture the goods for which it claims it was not paid. These documents, and the communications related to them, are essential to Plaintiff's case. The purchase orders are described with particularity in each iteration of

plaintiff's complaint, so they must have been in plaintiff's counsel's possession before suit was initiated herein. Some of the purchase orders, moreover, are referenced as attachments in multiple strings of emails that plaintiff produced, in which plaintiff's general manager, Mr. Park, was an active participant. In violation of the rules governing electronic discovery, plaintiff produced the emails but not the purchase orders referenced as attached to them.

III's and LSI's RFPs 44-46, moreover, seek documents concerning the damages alleged in the SAC against each defendant. The greater part of plaintiff's alleged damages are predicated upon the commercial invoices and debit notes identified in SAC ¶¶ 28-36. Plaintiff has produced the invoices and debit notes, but these documents raise questions concerning plaintiff's alleged damages. For example, SAC ¶28 states:

> "plaintiff issued Commercial Invoice No. and Debit Note No. V18LT403-2 totaling US$370,208.90 in reliance on the foregoing [*still not produced*] purchase order(s)."

(ECF 45, ¶28). The invoice and debit note produced by plaintiff that bear number V18LT403-2 are each for a total of US$185,104.45. Each lists the same 20,220 items. This unusual accounting occurs in each invoice-and-debit-note pair identified in SAC ¶¶ 28-36 and produced by plaintiff. Plaintiff's counsel has declined to explain why plaintiff invoiced only half the total it now claims as damages. One thing is clear, however: plaintiff alleges that it issued its invoices and debit notes "in reliance on the foregoing purchase order(s)." We can only speculate that plaintiff is withholding the purchase orders because each purchase order reflects the dollar total shown on each invoice, *i.e.*, half the amount plaintiff claims as damages. Plaintiff must produce the purchase orders at issue and all related documents.

It bears emphasis that documents responsive to RFPs 18-22, 32, and 44- 46, which plaintiff described and relied on in the SAC, should have been produced with plaintiff's initial disclosures pursuant to Fed. R. Civ. Proc. 26(a)(1) ("a party must, without awaiting a discovery request, provide to the other parties: … (ii) a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses...."); *see also* Fed. R. Civ. Proc. 26(a)(1)(E) ("A party must make its initial disclosures based on the information then reasonably available to it"). Plaintiff explicitly identifies six purchase orders in the SAC and alleges that it manufactured goods and issued commercial invoices and debit notes in reliance on the identified purchase orders. (ECF 45, ¶¶23-37). The purchase orders are the first step in the process of establishing the contractual basis for the damages plaintiff seeks in this action. (ECF 45, ¶¶43-46 & ¶¶48-53). Plaintiff has no excuse for its ongoing evasion of its obligation to produce these documents.

### **SANCTIONS**

Plaintiff's failure to produce key documents alleged in its SAC with its initial disclosures and its failure to produce those key documents with related documents in response to LSI's discovery requests has forced LSI to seek the Court's intervention. Accordingly, pursuant to Federal Rule of Civil Procedure Rule 37(a)(3)(A) and 37(a)(5)(A), LSI requests that Plaintiff pay LSI's expenses incurred in making this motion. *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, No. 13 Civ. 816 (WHP) (GWG), 2014 U.S. Dist. LEXIS 202781, *1-11 (S.D.N.Y. Jun. 5,

2014) ("the only requirements are that a party has made a motion for 'an order compelling disclosure or discovery' and that 'the motion is granted.'") (citation omitted).

## CONCLUSION

The parties must schedule depositions and the Scheduling Order requires the parties to discuss mediation during March, 2021. Without documents responsive to defendants' RFPs 18-22, 32, and 44-46, it is not possible for defendants to prepare meaningfully for depositions or to discuss mediation or settlement.

Accordingly, defendants III and LSI respectfully request that this Court enter an Order: (1) Directing plaintiff and its counsel to produce the documents responsive to defendants' RFPs 18- 22, 32, and 44-46 without further delay; (2) Awarding the costs of this motion to defendants; and, (3) Granting such other and further relief as this Court deems just and proper.

I am grateful for the Court's courtesies and attention to this matter.

Respectfully,

**SQUIRE PATTON BOGGS (US) LLP**

By: /s/Victor Genecin
     Victor Genecin

cc.:    Peter Y. Lee, Esq. (via ECF)
        Jisang Kim, Esq. (via ECF)