UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SUNGJIN INC CO., LTD.,                           :
                                              ORDER
                                         :
        Plaintiff,                                                        19 Civ. 9496 (GBD) (GWG)
                                           :
   -v.-
                                           :
ITOCHU INTERNATIONAL INC., et al.,            :
                                         :
        Defendants.                              :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      This order concerns the letter motion to compel production of documents from plaintiff Sungjin Inc Co., Ltd. ("Sungjin") made by defendants, and the ensuing correspondence from the parties concerning that letter. See Docket ## 110-122. We first address the motion to compel and then address the issue of the confidentiality order.

      Motion to Compel

      This Court previously ordered Sungjin to show cause as to "why the Court should not order plaintiff to produce each and every one of the documents referenced in both of the defendants' letters (Docket # 110 and 114) by March 22, 2021." Order, entered March 8, 2021 (Docket # 116). Defendants' prior letters asked for documents responsive to their requests for production ("RFPs") numbered 2-4 (Docket # 114 at 2), 18-22 (Docket # 110 at 2), 32 (id.), 38-42 (Docket # 114 at 3), 44-46 (Docket # 110 at 3), and 48-51 (Docket # 114 at 3-4).

      Sungjin responded to the Court's order. See Letter from Peter Lee, filed March 11, 2021 (Docket # 117). However, Sungjin failed to address each of the RFPs laid out in defendants' letters. Instead, Sungjin promised to produce documents related to RFPs 18-22 and 32 (see id. at 1), RFPs 2-4 (id. at 2), and RFPs 38-42 (id. at 3). As for RFPs 44-46 and 48-51, Sungjin stated

> To the extent defendants claim that ECF 110 or ECF 114 seeks more, we respectfully request defendants to show the Court each demand or "RFP" in question, because their letters say nothing about plaintiff's many objections raised. To give ECF 110 and ECF 114 some context, defendants have served *more than 200 requests for production*, including subparts . . . defendants have made many unreasonable, overbroad and sometimes ridiculous demands, such as a request for any paper that mentions a particular word or phrase. See e.g., Defendants' "RFP" numbers 48(a) through 48(y); 49, 50, 51 . . . To the extent

>    defendants insist on such discovery (methods), we respectfully ask the Court for a
>    hearing to go over each of their many objectionable demands.

Id. at 3-4 (emphasis in original).

   The Court has already given plaintiff an opportunity to contest defendants' demands by ordering Sungjin to show cause why the documents requested should not be produced. Sungjin could have used that opportunity to address in depth its objections to the categories of documents sought by defendants in this case. Instead of doing so, Sungjin agreed to produce certain categories, entirely failed to address certain categories sought, and asserted vague objections to the remaining categories.

   Given plaintiff's failure to abide by the Court's instructions, the Court could at this point simply overrule all of plaintiff's objections and order production of all responsive documents. It chooses, however, to issue a more limited order.

   First, all objections to RFPs 2-4, 18-22, 32, and 38-42 — including all subparts — are overruled and all documents responsive to these requests must be produced by March 22, 2021.

   As for the documents sought by RFPs 44-46 and 48-52, all of plaintiff's objections as to relevance (if any) are overruled. The issue of burden and proportionality, however, must still be discussed. The parties are directed to confer by telephone at length about each and every category and subcategory of documents related to RFPs 44-46 and 48-51 in a sincere attempt to understand the other side's position as to burden/proportionality and to reach a resolution. At the conference, the parties shall discuss each request in detail making every possible effort to reach a reasonable agreement as to that issue.

   As part of this process, the Court expects that the parties' disagreements may be significantly narrowed even if they cannot all be eliminated. If any disputes remain, they shall be presented in the form of a jointly composed letter that first quotes the discovery request or requests at issue,[1] then describes the plaintiff's position as to the dispute over that dispute in detail, and then provides defendants' position as to that dispute in detail. Before filing such a letter, each side shall give the other an opportunity to adjust its portion of the letter to respond to the other side's written draft describing its side of the dispute. As part of this process, the Court expects that additional narrowing of disputes will be possible. Of course, each side must make itself available to consult telephonically with opposing counsel as part of the composition process. It is critical that each party address in the final letter its responses to the other side's position as to each issue. The Court notes that if such a letter is filed, the Court may decide any disputes based solely on the letter.

---

[1] Requests should be combined if they raise the same issues.

The Court further notes that if a production made by plaintiff in the future (or to date) seems incomplete to defendants, that may be the subject of further telephonic discussions between the parties.  The plaintiff must be forthcoming to the maximum extent possible as to the manner in which a search was made for the documents.  If requested, the explanation of the manner of the search must be provided to defendants in writing.

The letter shall be filed by March 23, 2021, unless the parties agree between themselves to extend this deadline.[2]

Confidentiality Order

Defendants have requested that this Court enter a confidentiality order in this case and have provided a proposed order (see Docket # 118).  Plaintiff complains about a prior version of the confidentiality order that defendants had proposed, and about defendants' perceived overuse of the "attorney's eyes only" designation in the redacted production that defendants provided.  See Letter from Peter Lee, filed March 15, 2021, at 2-7 (Docket # 119).  It is unclear from plaintiff's letter if it objects to the version of the confidentiality order now proposed.

The Court strongly believes that a confidentiality order must be entered in this matter.  See Decarlo v. Archie Comic Publications, Inc., 2000 WL 781863, at *1 (S.D.N.Y. June 20, 2000) ("[O]rders of this sort minimize the involvement of the Court and the parties in unproductive and time consuming disputes about the existence of good cause for protecting individual documents and avoid the litigation of such questions in the abstract.").  Whether any documents are ultimately properly designated as confidential is best left to consideration of specific documents or categories of documents.  Indeed, that is the whole point of having a confidentiality order.

Accordingly, because a confidentiality order will assist in the administration of this case and the resolution of disputes between the parties, the Court will separately enter such an order, largely in the form proposed by defendants.  See generally Auction Houses Antitrust Litigation, 2001 WL 690042, at *1 (S.D.N.Y. June 19, 2001); Decarlo, 2000 WL 781863, at *1.

Other Guidance

The Court notes that, until the joint letter is filed, the only topic of discussion that a party must engage in regarding discovery disputes shall relate to the requests made in Docket # 110 and 114 — that is, not any requests made by plaintiff or any dispute over the designation of documents.  In fact, disputes other than the ones raised in Docket # 110 and 114 were improperly included in the letters to the Court regarding the instant dispute.

---

[2] Defendants' request for sanctions (see Docket # 110 at 3-4) is denied in light of the need for ongoing discussion between the parties.  See Fed. R. Civ. P. 37(a)(5)(A)(iii).

3

They must be the subject of separate discussions.  If disputes remain after those discussions, they may be presented to the Court only by means of a letter compliant with paragraph 2.A of the Court's Individual Practices.

Finally, the Court cautions that plaintiff's counsel should stop casting aspersions on the bona fides of opposing counsel.  It has the exact opposite effect on the Court that plaintiff's counsel apparently intends.  Relatedly, the Court expects that the parties will confer with each other in the future respectfully and on the assumption that their adversary is acting in good faith, as befits officers of the Court charged with an important Court-ordered responsibility.

SO ORDERED.

Dated: March 16, 2021
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge