UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SUNGJIN INC CO., LTD.,                     :

                                                                          ORDER TO SHOW CAUSE
                    :

        Plaintiff,                                        19 Civ. 9496 (GBD) (GWG)

                    :

    -v.-

                    :

ITOCHU INTERNATIONAL INC., et al.,

                    :

        Defendants.                       :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Plaintiff Sungjin Inc Co., Ltd. ("Sungjin"), filed this case on October 15, 2019, against several defendants, including Kenneth Horowitz. See Complaint (Docket # 1). An attorney for Horowitz initially appeared in the action, see Waiver of Service, filed October 31, 2019 (Docket # 10), but sought leave to withdraw and was relieved as counsel on March 2, 2020, see Order (Docket # 33). No new attorney ever appeared for Horowitz. Sungjin filed an amended complaint on April 6, 2020. See Second Amended Complaint (Docket # 45). The Clerk issued a certificate of default after Horowitz failed to answer the new pleading. See Clerk's Certificate of Default, filed May 14, 2020 (Docket # 58). The remaining defendants in this action have since been dismissed. See Stipulation of Voluntary Dismissal, filed June 2, 2021 (Docket # 146).

      More than a year has elapsed since Sungjin last took any action to advance its case against Horowitz, whether by filing a motion for a default judgment before the district judge or any other means. Courts have dismissed cases for failure to prosecute after periods of comparable delay. See, e.g., Salem v. City of New York, 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) (dismissing case where nearly eight months had passed since defendants filed answer); accord Leybinsky v. United States Citizenship & Immigration Servs., 2020 WL 7295661, at *2 (E.D.N.Y. Dec. 2, 2020) (one year delay). Some cases have been dismissed based on lapses after even shorter periods. See, e.g., Avila v. Comm'r of Soc. Sec., 2016 WL 1562944, at *3 (S.D.N.Y. Apr. 18, 2016) (dismissing case after seven months had "elapsed since the filing of the defendant's motion to dismiss" and plaintiff failed to respond to motion); Kearney v. City of New York, 2003 WL 22682721, at *1-2 (S.D.N.Y. Nov. 6, 2003) (dismissal after plaintiff failed to respond to defendants' discovery requests and did not pursue claim for approximately four months), adopted by Kearney v. City of New York, 02 Civ. 9741, Order, filed July 28, 2004 (Docket # 14).

      Given this extraordinarily lengthy period of inaction, plaintiff is hereby ordered to show cause why this case should not be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Such showing shall be made by memorandum of law and affidavit filed on or before June 29, 2021, and must comply with Local Civil Rule 7.1(a)(2) and

(3).  Plaintiff is warned that failure to comply with this Order may in itself result in dismissal of this action.  In the alternative, plaintiff may file a Notice of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

       SO ORDERED.

Dated: June 8, 2021
       New York, New York

                                          GABRIEL W. GORENSTEIN
                                          United States Magistrate Judge