```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SUNGJIN INC CO., LTD.,                           :
                                                              REPORT & RECOMMENDATION
                                                 :
         Plaintiff,                                           19 Civ. 9496 (GBD) (GWG)
                                                 :
    -v.-
                                                 :
ITOCHU INTERNATIONAL INC., et al.,

                                                 :


         Defendants.                             :
---------------------------------------------------------------X
```
**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

     Plaintiff Sungjin Inc Co., Ltd. ("Sungjin"), filed this case on October 15, 2019, against several defendants, including Kenneth Horowitz. See Complaint (Docket # 1). An attorney for Horowitz initially appeared in the action, see Waiver of Service, filed October 31, 2019 (Docket # 10), but sought leave to withdraw and was relieved as counsel on March 2, 2020, see Order (Docket # 33). No new attorney ever appeared for Horowitz. Sungjin filed an amended complaint on April 6, 2020. See Second Amended Complaint (Docket # 45). The Clerk issued a certificate of default after Horowitz failed to answer the new pleading. See Clerk's Certificate of Default, filed May 14, 2020 (Docket # 58). The remaining defendants in this action have since been dismissed. See Stipulation of Voluntary Dismissal, filed June 2, 2021 (Docket # 146). More than a year has elapsed since Sungjin last took any action to advance its case against Horowitz, whether by filing a motion for a default judgment before the district judge or any other means.

     Because of the extraordinary length of time that elapsed without plaintiff taking any action to advance the case against Horowitz, plaintiff was ordered to show cause on June 8, 2021, why this action should not be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. See Order to Show Cause (Docket # 147). Plaintiff was ordered to respond by June 29, 2021, and was warned "that failure to comply with this Order may in itself result in dismissal of this action." Order to Show Cause at 2. To date, plaintiff has not responded to the Court's Order to Show Cause.

     Fed. R. Civ. P. 41(b) provides in relevant part:

> If the plaintiff fails to prosecute . . . a defendant may move to dismiss the action
> or any claim against it. Unless the dismissal order states otherwise, a dismissal
> under this subdivision . . . operates as an adjudication on the merits.

     A decision to dismiss an action for failure to prosecute "may be made sua sponte." Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998) (citing Minnette v. Time Warner, 997 F.2d

1023, 1027 (2d Cir. 1993)).  Although dismissal is "'a harsh remedy to be utilized only in extreme situations,'" Hoefer v. Bd. of Educ. of the Enlarged City Sch. Dist. of Middletown, 820 F.3d 58, 64 (2d Cir. 2016) (quoting Jackson v. City of N.Y., 22 F.3d 71, 75 (2d Cir. 1994)), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts," Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982).  The "court should not have to beg the parties before it to litigate the cases they initiate."  McLean v. City of N.Y., 2007 WL 415138, at *4 (S.D.N.Y. Feb. 6, 2007).  "Dismissal for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b), is a matter committed to the discretion of the district court."  Romandette v. Weetabix Co., 807 F.2d 309, 312 (2d Cir. 1986) (citing Link v. Wabash Railroad Co., 370 U.S. 626, 633 (1962) and Lyell, 682 F.2d at 43).

A district court considering a dismissal pursuant to Rule 41(b) for failure to prosecute weighs five factors:

> (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001) (quoting Shannon v. Gen. Elec. Co., 186 F.3d 186, 193-94 (2d Cir. 1999)); accord Platinum Funding Corp. v. Bosselli Studio Ltd., 368 F. App'x 207, 208-09 (2d Cir. 2010).  No single factor is dispositive.  Martens, 273 F.3d at 180.

These factors strongly counsel in favor of dismissal.  Sungjin has taken no action in this case against Horowitz since asking the Clerk to enter a certificate of default more than a year ago.  See Proposed Clerk's Certificate of Default, filed May 14, 2020 (Docket # 56). This lengthy period by itself strongly counsels in favor of dismissal.  As one case put it, "[a] delay of eight months to one year in prosecuting a case falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss."  Salem v. City of New York, 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) (dismissing case where eight months had passed since defendants filed answer) (citation and quotation marks omitted); accord Leybinsky v. United States Citizenship & Immigration Servs., 2020 WL 7295661, at *2 (E.D.N.Y. Dec. 2, 2020) (dismissing case where "Petitioner has not been in contact with the Court since filing this action one year ago").  Some cases have been dismissed based on lapses after even shorter periods.  See, e.g., Avila v. Comm'r of Soc. Sec., 2016 WL 1562944, at *3 (S.D.N.Y. Apr. 18, 2016) (dismissing case after seven months had "elapsed since the filing of the defendant's motion to dismiss" and plaintiff failed to respond to motion); Kearney v. City of New York, 2003 WL 22682721, at *1-*2 (S.D.N.Y. Nov. 6, 2003) (dismissal after plaintiff failed to respond to defendants' discovery requests and did not pursue claim for approximately four months).

Given the lengthy period of inaction, notice that delay would result in dismissal should not be required.  But in this instance plaintiff was warned in the order to show cause that a failure to respond could result in dismissal.  See Order to Show Cause at 2.  Nonetheless, this warning

did nothing to prompt any action on its part.  Plaintiff's attorney is plainly capable of complying with Court directives inasmuch as he was actively engaged in prosecuting the case against the other defendants in this case until their dismissal.

As for prejudice to the defendant, "[p]rejudice to defendants resulting from unreasonable delay may be presumed."  Lyell, 682 F.2d at 43.  Thus, this factor also weighs in favor of dismissal.

As for the fourth factor, the Court has a strong interest in managing its docket and cannot indefinitely wait for Sungjin to act.  Furthermore, its "failure to comply with the court's order or make an attempt to prosecute this case dismisses [its] right to have the court hear [its] claim." George v. Cousins Printing LLC, 2008 WL 4093057, at *2 (S.D.N.Y. Sept. 2, 2008) (citing Feurtado v. City of N.Y., 225 F.R.D. 474, 480 (S.D.N.Y. 2004)).

Finally, we have no reason to believe that lesser sanctions would be effective.  Sungjin has made no attempt to advance the case against Horowitz for more than a year, and did not respond to the order to show cause.  The failure to respond to the order to show cause means that plaintiff has not even provided an explanation as to why the case should not be dismissed.  It also reflects that waiting any additional period for plaintiff to act would be pointless.  Accordingly, dismissal of this case is appropriate.  See Ruzsa v. Rubenstein & Sendy Attys at Law, 520 F.3d 176, 178 (2d Cir. 2008) (per curiam) ("[I]n light of [plaintiff's] failure to respond to the notice threatening dismissal, it is . . . unclear that a lesser sanction would have proved effective in this case.") (punctuation omitted).

Given that all the factors relevant to dismissal for failure to prosecute weigh in favor of such dismissal, this action should be dismissed as to Horowitz pursuant to Fed. R. Civ. P. 41(b). Also, because all other defendants have been dismissed, this case should be closed.

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections.  See also Fed. R. Civ. P. 6(a), (b), (d).  A party may respond to any objections within 14 days after being served.  Any objections and responses shall be filed with the Clerk of the Court.  Any request for an extension of time to file objections or responses must be directed to Judge Daniels.  If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal.  See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: July 30, 2021
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

4